Starr Indem. & Liab. Co. v U.S. Adjustment Corp. (2021 NY Slip Op 05799)





Starr Indem. & Liab. Co. v U.S. Adjustment Corp.


2021 NY Slip Op 05799


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 653469/16 Appeal No. 14445 Case No. 2020-02781 

[*1]Starr Indemnity & Liability Company, et al, Plaintiffs-Appellants,
v
U.S. Adjustment Corporation, Defendant-Respondent.


McDermott Will & Emery LLP, New York (Michael R. Huttenlocher of counsel), for appellants.
Litman, Asche & Gioiella, LLP, New York (Richard M. Asche of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered May 18, 2020, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the breach of contract and declaratory judgment claims (claims 1 and 3) and dismissing the breach of contract counterclaim, and granted defendant's motion for summary judgment dismissing the professional negligence claim (claim 5), unanimously affirmed, with costs.
The operative Claims Service Agreements do not unambiguously require that defendant payall Allocated Loss Adjustment Expenses (ALAE); rather, the words "from its service fee" may reasonably be read as imposing a cap on the amount of ALAE to be paid commensurate with the amount of service fees received. The extrinsic evidence cited by plaintiffs does not eliminate triable issues of fact on this point.
Even if plaintiffs had demonstrated that defendant was required to pay all ALAE, they failed to submit sufficient evidence of damages to permit an award of summary judgment in their favor. The sole damages evidence submitted in support of their motion was a summary chart appended to their unverified supplemental responses and objections to defendant's interrogatories, which listed the total amounts plaintiffs paid in ALAE by category. Although plaintiffs later submitted a verified version of these responses and objections, which included the underlying data on which the chart was based, that version could not be considered in gauging whether plaintiffs made a prima facie showing of entitlement to judgment as a matter of law because it was submitted for the first time on reply (see Small v City of New York, 160 AD3d 471, 473 [1st Dept 2018]; New Beginnings Chiropractic, P.C. v Allstate Ins. Co., 52 Misc 3d 127[A], 2016 NY Slip Op 50916[U], [App Term, 2d Dept 2016]). Absent evidence establishing the amount of ALAE paid by plaintiffs that defendant was supposed to pay, plaintiffs failed to demonstrate that they are entitled to recoup every dollar that defendant received from them but did not use to pay ALAE.
Plaintiffs failed to demonstrate that the breach of contract counterclaim should be summarily dismissed. Material issues of fact exist as to whether plaintiffs breached their obligation to re-negotiate service fees in good faith (see S.A. De Obras y Servicios, COPASA v Bank of Nova Scotia, 170 AD3d 468, 474 [1st Dept 2019]).
Plaintiffs' professional negligence claim was properly dismissed because plaintiffs failed to demonstrate actual and ascertainable damages caused by the alleged negligent conduct (i.e., defendant's alleged failure to provide competent claims-handling services). Although damages need not be calculated with absolute certainty, plaintiffs' expert's application of a nonspecific and unexplained "leakage" range to a broad, disparate group of insurance claims was insufficient to reasonably approximate actual damages.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021